

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,519-01

**EX PARTE JD ROSS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-18-0542-E-WHC1 IN THE 453RD DISTRICT COURT
### FROM HAYS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of engaging in organized criminal activity and sentenced to twenty-two years' imprisonment. Applicant filed an application for a writ of habeas corpus and an amended application for writ of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In his amended writ application, Applicant contends, among other things, that his plea was involuntary because counsel misadvised him about parole eligibility for the offense. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The record

contains an affidavit from counsel stating that he told Applicant this was not a "3g" offense. The trial court shall order trial counsel to provide a supplemental response to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court shall make specific findings addressing whether Applicant and counsel discussed parole eligibility for this offense and, if so, whether counsel provided accurate advice. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 9, 2021
Do not publish